UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DARRELL BERNARD SMITH | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:18-CV-179-JRG-CHS |
| | ) | |
| | ) | |
| DOLLAR GENERAL STORE and | ) | |
| AURELYA TAYLOR | ) | |

## **MEMORANDUM OPINION**

Darrell Bernard Smith ("Plaintiff") was an inmate in the Silverdale Correctional Facility at the time he filed this pro se civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 2].[1] In the complaint, Plaintiff alleges that he has been charged falsely for trespassing, although he has an alibi defense, and he asks the Court to expunge the charges from his record [*Id.* at 5].

Plaintiff has applied for leave to proceed *in forma pauperis* in this matter and has filed both a supplement to the motion [Docs. 1, 7] and a motion for the appointment of counsel [Doc. 4]. Because it appears from Plaintiff's *in forma pauperis* application and supplement that he lacks sufficient financial resources to pay the filing fee, the Court will **GRANT** the application [Doc. 1]. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) (explaining that, after an inmate is released from confinement, his ability to pay is determined like any non-prisoner), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court will **DENY** Plaintiff's motion to appoint counsel [Doc. 4] as moot. For the reasons below, the Court will **DISMISS** this action for failure to state a claim entitling Plaintiff to relief under § 1983.

---

[1] Plaintiff since has been released from confinement [Docs. 10-11, Notices of "Release Date and New Mailing Address Rule 83.13"].

## I. SCREENING STANDARDS

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints filed by former prisoners who are proceeding *in forma pauperis*. *See McGore*, 114 F.3d at 608 (citing 28 U.S.C. § 1915(e)(2). Sua sponte dismissal is required if complaints are frivolous or malicious, if they fail to state a claim for relief, or if they are seeking monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). In other words, Plaintiff must plead facts sufficient to show: (1) the deprivation of a right, privilege, or immunity secured to him by the United States Constitution or other federal law; and (2) that the individual responsible for such deprivation was acting under color of state law. *Gregory v. Shelby Cnty.*, 220

F.3d 433, 441 (6th Cir. 2000).

## II. PLAINTIFF'S ALLEGATIONS

In Paragraph IV of the complaint, Plaintiff states his claim in its entirety:

> On May 28, 2018, I Darrell B. Smith was falsely acuse (sic) of criminal trespassing an (sic) Agg. Assault on Ms. Taylor employee of the Dollar General Store, and on that date an (sic) time the crime took place. I was already incarcerated in the Hamilton Co. Jail since May 11, 2018 until now. I have Jail an (sic) Court Record stating where I was on May 28, 2018. So therefore it's no kind of way it could have been me. And on June 22, 2018 I was finger print (sic) and booked on the two charges file (sic) against me. Docket # 1714598, 171499.

[Doc. 2 at 3-4]. In Paragraph V, Plaintiff asks the Court for damages in the sum of $450,000.00 for the false accusation leveled against him, for slandering him, in that his name appeared in "Rights to Know" and "Just Busted," and for the worry and stress Defendants' wrongful conduct has caused him [*Id.* at 5]. As noted, Plaintiff also requests expungement of both charges from his record [*Id.*].

## III. LAW and ANALYSIS

As observed previously, an essential element of a valid § 1983 claim is that the wrongdoer's actions be undertaken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) (explaining that "[s]ection 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law") (citing *Flagg Bros.*, 436 U.S. at 155).

The conduct of a private defendant is actionable under § 1983 if the conduct can be fairly attributable to the state, *see Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998), and the conduct of a private party may be fairly attributable to the state only if the conduct is so closely connected to the state that it may be fairly treated as that of the state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345,

351 (1974) (requiring "a sufficiently close nexus between the State and the challenged action"). A private actor who conspires with a state actor to commit the wrongful conduct may be acting under color of state law and, thus, will not be immune from liability. *Tower v. Glover*, 467 U.S. 914, 923 (1984); *see also Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (explaining that a private person may be found to be a state actor where the alleged deprivation was "caused by the exercise of some right or privilege created by the State and (2) the offending party acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (internal quotation marks omitted)). Plaintiff's claims against Defendants are not viable because he has failed to show the second element of a viable § 1983 claim, that is, state action, with respect to either Defendant.

Defendant Dollar General Store, according to its website, is "the country's largest small-box discount retailer." Dollar General, http: newscenter.dollargeneral.com/company+facts/history (last visited Nov. 1, 2018). Thus, Dollar General is a corporation that represents that it offers "products that are frequently used and replenished . . . at everyday low prices in convenient neighborhood locations." Dollar General, https://newscenter.dollargeneral.com/company+facts/fastfacts/ (last visited Nov. 1, 2018).

Plaintiff makes no allegations whatsoever against this corporate Defendant. Consequently, Plaintiff cannot establish the required elements of a civil rights action under § 1983. *See Bordock v. Dollar Gen., Inc.*, No. 3:13-CV-00043, 2013 WL 555877, at *2 (M.D. Tenn. Feb. 12, 2013) (holding that absent assertions of state action, "there is no basis for finding that Dollar General's alleged actions [in prohibiting Plaintiff from shopping in certain of its stores] have any connection to any state government or action").

The lack of any contentions to show how Dollar General Store itself violated Plaintiff's rights may indicate that he perhaps is seeking to hold this Defendant liable for the actions of its employee, Defendant Aurelya Taylor. If the Court correctly has divined Plaintiff's intention, then he has failed in his endeavor because respondeat superior—a doctrine that makes an employer responsible for the wrongdoing of its employee—is not a valid basis of liability under § 1983. *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis."); *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008) (same).

Defendant Taylor is alleged to be the manager of Dollar General Store, the corporate Defendant. As such, she is a private person. Plaintiff makes no allegations that Defendant Taylor conspired with a state actor to accuse him falsely of trespassing or of aggravated assault. Therefore, Plaintiff likewise fails to allege the state-action element of a viable § 1983 claim against Defendant Taylor. *See Pickett v. Dollar Gen. Stores*, No. 5:12-CV-00919-JFG, 2012 WL 7009009, at *3 (N.D. Ala. Dec. 26, 2012) (recommending dismissal of Dollar General Store manager who reported the plaintiff for shoplifting because "section 1983 does not afford a remedy against a private person unless that person is shown to have conspired with one or more state actors"), *report and recommendation adopted*, No. 5:12-CV-00919-SLB, 2013 WL 450555 (N.D. Ala. Feb. 4, 2013).

Finally, Plaintiff's request for expungement of his criminal charges for trespassing and aggravated assault is not cognizable under § 1983 since that form of relief, if available, may only be obtained by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254, after Plaintiff exhausts his state remedies. 28 U.S.C. § 2254(b)(1); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). There is no indication in the complaint that Plaintiff has exhausted his state remedies.

## IV. CONCLUSION

The Court finds that Plaintiff has failed to establish that Defendants were acting on behalf of the state when they engaged in the allegedly wrongful conduct set forth in his pleading and that he has failed to state a claim entitling him to relief under § 1983. *See Smith v. Bernanke*, 283 F. App'x 356, 357-58 (6th Cir. 2008) (affirming dismissal of non-prisoner complaint under 28 U.S.C. § 1915(e)(2)) (citing to *McGore*, 114 F.3d at 607). Because the allegations in the complaint could not be amended to state a constitutional claim, Plaintiff will not be extended an opportunity to file an amended complaint. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The dismissal of this case will count as a strike within the provisions of the three-strikes rule in 28 U.S.C. § 1915(g). *See Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 491 (6th Cir. 2011) (affirming district court's finding that two prior actions dismissed as frivolous, malicious or for failure to state a claim counted as strikes under § 1915(g) since the plaintiff "was a prisoner when he filed these cases"); *Bowling v. Runion*, No. 2:05-CV-313, 2006 WL 2251994, at *1 n.1 (E.D. Tenn. Aug. 4, 2006) (finding that § 1915(g)'s 3-strikes rule was triggered the moment the plaintiff filed the complaint "because, at that point in time, he was a prisoner").

Finally, the Court will **CERTIFY** that any appeal from the dismissal of this case would not be taken in good faith, *see* 28 U.S.C. § 1915(a)(3), should he file a notice of appeal.

**A separate judgment will enter.**

    **ENTER**:

                                                s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE